UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER DALE MONROE,

        Plaintiff,

v.                          Case No: 2:15-cv-729-FtM-99MRM

CHARLOTTE     COUNTY     JAIL,
Sheriff, CORIZON HEALTH INC.,
DEPARTMENT    OF    FINANCIAL
SERVICES,  and  DEPARTMENT  OF
HEALTH,

        Defendants.

_____

## OPINION AND ORDER

Plaintiff Christopher Dale Monroe ("Plaintiff") is a prisoner at the Charlotte County Jail in Punta Gorda, Florida.  Proceeding *pro se*, Plaintiff initiated this action against the Charlotte County Jail (Sheriff), Corizon Health, Inc. ("Corizon"), Department of Financial Services, and Department of Health by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed November 24, 2015).

Because Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2), his complaint must be reviewed to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). Upon review, the Court concludes that Plaintiff has failed to state a claim and that dismissal of the complaint is warranted.  However, Plaintiff will be provided an opportunity to amend his complaint.

## I.   Legal Standards

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915.   In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.   The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.   The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A)  the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
>> (i)      is frivolous or malicious;
>>
>> (ii)     fails to state a claim on which relief may be granted; or
>>
>> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327.

Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. See Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard and determining that because the plaintiffs had not nudged their "claims across the line from conceivable to plausible," their complaint must be dismissed for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003).

## II.  Complaint

Plaintiff asserts that he has not received adequate medical care at the Charlotte County Jail for a skin condition that can cause scars on his penis, upper thighs, buttocks, and chest (Doc. 1 at 5-

6).  He claims that, on two separate occasions, his declared medical emergencies were ignored by medical staff at the jail.  He asserts that he has not received prescribed medications or medicated shampoo to help with his condition.

Plaintiff asks the Court to ensure that he receive proper medical treatment and compensation for mental anguish and pain and suffering (Doc. 1 at 6-7).

## III. <u>Analysis</u>

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998).  In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. <u>Williams v. Bennett</u>, 689 F.2d 1370, 1380-1381 (11th Cir. 1982).

A.    **Defendants Charlotte County Jail, Department of Financial Services, and Department of Health are dismissed as improper defendants in a 42 U.S.C. § 1983 complaint**

In order to bring a viable § 1983 action, the defendant sued must be an entity that is subject to being sued. <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992).  A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983.  The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office. <u>Mayes v. Elrod</u>, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979).  The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. <u>Dean</u>, 951 F.2d at 1214.  Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control.  <u>See generally</u> Chapter 30, Florida Statues.  Thus, the Charlotte County Jail must be dismissed with prejudice as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). <u>See Marsden v. Federal Bureau of Prisons</u>, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); <u>Barber</u>, 951 F.2d at 1214 (noting that sheriff's departments and police departments are not legal entities subject to suit under § 1983); <u>De La Garza v. Kandiyohi County Jail</u>, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming dismissal of county jail for failure to state a claim because the jail is not a suable entity for purposes of a § 1983 action) (citing <u>Marsden</u> and <u>Barber)</u>.

Plaintiff also names the Florida Department of Financial Services and Department of Health as defendants in this action (Doc. 1 at 4). Plaintiff does not explain why these state agencies are named as defendants and he does not identify any particular state officer sued in his individual capacity.[1] Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. Edelman v. Jordan, 415 U.S. 651 (1974); Hans v. Louisiana, 134 U.S. 1 (1890). Thus, the Florida Department of Financial Services and the Department of Health must be dismissed with prejudice as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**B. Plaintiff does not state a claim against Defendant Corizon**

Supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of respondeat superior.[2] See Kruger v. Jenne, 164 F.Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining

---

[1] As opposed to suits in which the defendant is the state, one of the state's agencies, or a responsible state officer sued in an official capacity, the Eleventh Amendment provides no bar to federal court adjudication of suits against state officers individually. See Scheuer v. Rhodes, 416 U.S. 232 (1974).

[2] Private contractors that run prisons do act under color of state law for purposes of § 1983 liability. Farrow v. West, 320 F.3d 1235, 1239 n. 3 (11th Cir. 2003). Nevertheless, as explained herein, the principle that respondeat superior is not a cognizable theory of liability under § 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992).

that [supervisor] which provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory).

Here, Plaintiff only mentions Defendant Corizon in the caption of his complaint.  Similarly, Plaintiff fails to allege a "causal connection" between Defendant Corizon and any asserted constitutional violation.  See Zatler c. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so[,]" Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  Plaintiff has not made the necessary showing with respect to Defendant Corizon. Accordingly, Plaintiff's claims against Defendant Corizon are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Plaintiff does not state a claim against the Sheriff of Charlotte County

In the styling of his complaint, Petitioner parenthetically includes the word "sheriff" next to Charlotte County Jail.  Even if the Court construes the complaint as properly naming the Sheriff of Charlotte County as a defendant, this defendant must still be dismissed. It is clear from the allegations in the complaint that the Sheriff did not directly participate in the alleged constitutional deprivation. The Sheriff's supervisory position, without more, does not subject him to liability. See discussion supra Part III(B). Nor does Plaintiff's complaint contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct so as to render the Sheriff liable in his official capacity.

Accordingly, Plaintiff's claims against the Sheriff of Charlotte County are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.   Conclusion

Plaintiff's claims against each defendant are dismissed because he has not identified a defendant subject to suit under 42 U.S.C. § 1983.   Plaintiff will be allowed to file an amended complaint. However, Plaintiff should amend his complaint only if the facts support a conclusion that a particular defendant was directly and personally involved in the deprivation of a constitutional right or a policy, custom or practice was the moving force behind the alleged

misconduct . Plaintiff's amended complaint will also be subject to review pursuant to 28 U.S.C. § 1915 and will be dismissed if Plaintiff fails to state claims upon which relief may be granted.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The amended complaint must include the instant case number and all of Plaintiff's claims he intends to assert; it should not refer back to any earlier complaint. Plaintiff is warned that the filing of an amended complaint replaces all previous complaints, and claims that are not re-alleged are deemed abandoned. See In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff is reminded that, although he filed this action as a pro se litigant, he is still required to plead a complaint that complies with the Federal Rules of Civil Procedure. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)(holding that even in the case of pro se litigants, a court does not have license to serve as de facto counsel for a party or to re-write an otherwise deficient pleading in order to sustain an action), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(finding that a pro se litigant is subject to a court's rules and to the Federal Rules of Civil Procedure).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved.  Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968).   District courts, when confronted with a complaint that does not comply with Rule 8(a), have been instructed by the Eleventh Circuit to intervene at the earliest possible moment in the proceedings and require the plaintiff to re-plead his entire case. Pelletier v. Zweifel, 921 F.2d 1465, 1522 (11th Cir. 1991),*abrogated on unrelated grounds by* Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).   Accordingly, to the extent Plaintiff wishes to file an amended complaint, he should ensure that the complaint complies with Rule 8(a) of the Federal Rules of Civil Procedure.

Accordingly, it is now **ORDERED**:

1.   All claims against the Charlotte County Jail, Florida Department of Financial Services, and Florida Department of Health are dismissed with prejudice pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) and (iii).

2.   All claims against Defendant Corizon and the Sheriff of Charlotte County are dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2:15-cv-00729-JES-MRM Document 7 Filed 12/03/15 Page 11 of 11 PageID 62

3.    Plaintiff may file an amended complaint within **FOURTEEN (14) DAYS** of this Order and in compliance with the Court's directions.

4.    If Plaintiff does not file an amended complaint within fourteen days, the Court will issue a separate order directing the Clerk of the Court to close this case and to enter judgment in favor of Defendants.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___3rd___ day of December, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Christopher Dale Monroe
Encl:  Section 1983 civil rights complaint form